# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **INTERIOR CLEANING SYSTEMS, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0199-WS-N |
| ) | |
| **GARY L. CRUM**, *et al*., ) | |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **STATE FARM INSURANCE COMPANY,** ) | |
| ) | |
| Third-Party Defendant. ) | |

## ORDER

This matter comes before the Court on the Motion to Remand (doc. 9) filed by plaintiff, Interior Cleaning Systems, LLC. The Motion has been briefed and is now ripe for disposition.

**I.      Background.**

Interior Cleaning Systems, LLC ("ICS"), initially filed suit against a singular defendant, "Gary L. Crum, Sr. d/b/a Ellwood Christian Academy / Ellwood Community Church" ("Crum"), in Dallas County Circuit Court in June 2013. The action arose from a September 2012 contract through which Crum (in his capacity as pastor of Ellwood Christian Academy in Selma, Alabama) had retained ICS to perform water mitigation services after Ellwood Christian Academy flooded. According to the Complaint, ICS completed those services promptly and Crum provided ICS with a certificate of completion, but Crum failed to pay the ICS invoice. On that basis, ICS asserted state-law claims against Crum for breach of contract, work and labor, and open account, seeking compensatory damages of $47,646.21, plus interest and costs. (*See* doc. 1, Exh. A.)

Upon being served with process, Crum expanded the scope of the state-court litigation by bringing a Third-Party Complaint (doc. 1, Exh. B) against State Farm Insurance Company on

September 18, 2013. Crum maintained that State Farm had provided insurance coverage to the Academy, that it had engaged in improper claims handling processes after the Academy sustained water damage, and that it was liable to Crum on state-law theories of breach of duty of good faith and fair dealing, breach of contract, professional negligence, and fraud. The Third-Party Complaint identified Crum (in his capacity as agent/employee and representative of the Academy) as the only third-party plaintiff. State Farm moved to dismiss or sever the Third-Party Complaint. (*See* doc. 1, Exh. D.) As to the severance aspect of the motion, State Farm argued that the third-party claims asserted by Crum were separate and independent from the claims asserted by ICS against Crum, thereby creating a risk of error or confusion if both sets of claims were tried together to the same jury. (*Id.*, ¶¶ 12-14.)

Before Crum commenced third-party proceedings against State Farm, ICS moved for summary judgment on its original claims against Crum, who was the sole defendant at that time, in July 2013. (*See* doc. 13, Exh. 1.)[1] On March 21, 2014, while its motion for summary judgment against Crum remained pending in state court, ICS filed an Amended Complaint naming Ellwood Christian Academy (the "Academy"), which was described as an "unincorporated religious association in Selma, Alabama," as an additional party defendant. (Doc. 9, Exh. 1, ¶ 3.) The Academy previously had not been named or served as a party in this matter. ICS served process on the Academy on April 7, 2014. (Doc. 9, ¶ 8; doc. 1-4, at 53.) The rub is that the state court entered an order granting ICS's motion for summary judgment against both Crum and the Academy on April 2, 2014, some five days before service of process was completed on the Academy. (Doc. 1, Exh. E.)[2] Be that as it may, having purported to grant summary judgment to ICS against Crum and the Academy, the state court entered another order on April 2, 2014 stating, in part, that "[t]he 4-2-14 Order Granting Summary Judgment will leave only the Third-Party Complaint pending and disposes of the issues in the Motion to Sever." (Doc. 1, Exh. F.)

---

[1] On that point, the record belies ICS's representation in its Notice of Removal that ICS "filed a Motion for Summary Judgment against Crum and [the Academy]." (Doc. 1, ¶ 6.)

[2] In relevant part, Judge Pettaway's April 2 order read as follows: "Judgment in the amount of $47,646.21 plus applicable interest and court cost is Granted in favor of Plaintiff Interior Cleaning Systems and against Defendant Gary L. Crum, DBA Ellwood Christian Academy and Ellwood Christian Academy." (*Id.*)

Pursuant to the April 2 state-court rulings, then, ICS had been granted summary judgment on all of its claims against Crum and (at least nominally) the Academy, and had been awarded judgment in the amount of $47,646.21, plus interest and costs. The state court had declared that only the Third-Party Complaint remained pending and had declined State Farm's request to sever the third-party claims from the original claims on that basis. State Farm took the position that the April 2 rulings created federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Even though ICS and Crum are both Alabama citizens and (hence) non-diverse, State Farm theorized that the absence of diversity as to the original claims is irrelevant because the original complaint has been fully adjudicated, leaving only the Third-Party Complaint still in play. As to that Third-Party Complaint, State Farm reasoned, there is diversity jurisdiction because Crum and State Farm are citizens of different states and the amount in controversy exceeds $75,000. On that basis, State Farm filed a Notice of Removal (doc. 1) and removed this entire action from Dallas County Circuit Court to this District Court on May 1, 2014.[3]

ICS (the original plaintiff) has now filed a Motion to Remand (doc. 9), arguing that diversity of citizenship is lacking because its claims against the Academy were not properly dismissed, and that ICS is non-diverse from the Academy, such that federal subject matter jurisdiction is not conferred by 28 U.S.C. § 1332. State Farm opposes the Motion, reasoning that the Academy's citizenship is irrelevant because ICS's claims against it were disposed of via summary judgment and the Academy failed to appeal in a timely manner.

**II.    Analysis.**

*A.    Governing Legal Standard.*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction. *See, e.g., Scimone v.*

---

[3] This murky procedural posture was never brought to the state court's attention prior to removal. For whatever reason, State Farm did not petition the state court for severance after April 2 in order to clarify removal jurisdiction and ensure that only the portion of the case as to which complete diversity lies would be removed; instead, it simply removed the entire matter. By the same token, ICS evidently did not notify the state court of its concerns that the April 2 summary judgment ruling was void as to the Academy because that defendant had not even been served with process; rather, ICS remained silent until after removal had occurred and it was too late (because the case was no longer before it) for the state court to correct what ICS contends is a fatal jurisdictional error in the summary judgment order as it pertains to the Academy.

*Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be removed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *See, e.g., Scimone*, 720 F.3d at 882 ("we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand") (citation and internal marks omitted).[4]

The removal statute generally provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). State Farm ascribes federal "original jurisdiction" to this action pursuant to the diversity statute. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted). Of course, "[d]iversity jurisdiction requires complete diversity between named plaintiffs and defendants." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Section 1332 must be narrowly construed; after all, "[i]n light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated … to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted); *see also Osting-Schwinn*, 613 F.3d at 1086 (similar).

**B.   *State Farm was Not Empowered by Section 1441 to Remove this Action.***

As a threshold matter, there is considerable doubt as to whether State Farm is even a permissible party to remove this case. The removal statute specifies that an action may be

---

[4] *See also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand).

removed "by the defendant or the defendants." 28 U.S.C. § 1441(a). State Farm is not a defendant, but is instead a third-party defendant. The distinction matters. Indeed, in another action, the undersigned adopted a report and recommendation in which Magistrate Judge Bivins opined as follows: "The majority of courts addressing the question of whether a third-party defendant is a 'defendant' within the meaning of the statute, and therefore entitled to initiate removal, have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under § 1441(a)." *The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe v. Sunbelt Resources, Inc.*, 649 F. Supp.2d 1325, 1329 (S.D. Ala. 2009) (citations omitted).[5] State Farm concedes this very point (and prudently acknowledges the *MOWA* case) in its Notice of Removal. (*See* doc. 1, at 5.)

Nonetheless, courts have carved out exceptions to the general prohibition on removal by third-party defendants. In ordinary circumstances, a third-party defendant's removal is akin to the tail wagging the dog; however, that concern "has no application where by judicial surgery tail and dog have been separated." *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970). Thus, where the state court has severed third-party claims from those in the

---

[5] *See also In re Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("The term 'defendant' in removal statutes is narrowly construed. … We have specifically held that third-party defendants have no right to remove an action from state court."); *Cohn v. Charles*, 857 F. Supp.2d 544, 547 (D. Md. 2012) ("Only a defendant to an action – neither a counter-defendant nor a third-party defendant – may remove a case under § 1441(a)."); *Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, 840 F. Supp.2d 1299, 1303 (M.D. Ala. 2012) (reasoning that "[a] third-party defendant cannot remove a diversity case from state to federal court" because doing so would "undermin[e] two core princip[les] of federalism – limited federal jurisdiction and deference to the plaintiff's choice of a state court forum"); *Waymire v. Leonard*, 724 F. Supp.2d 876, 880 (S.D. Ohio 2010) ("Third-party defendants are not 'defendants' for the purposes of 28 U.S.C. § 1441(a)."); *H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp.2d 770, 776 (W.D. Tex. 2009) ("[C]onstruing § 1441(a) strictly serves the practical purpose of limiting a third-party from undermining the forum choices of both the plaintiff and defendant in a state action. … Otherwise, the third-party complaint – the tail – would wag the dog.") (citations and internal quotation marks omitted); *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp.2d 357, 374-77 (S.D.N.Y. 2006) (relying on "vast sea of authority strongly suggesting that third-party defendants have no statutory right to remove cases" and concluding that "the better view is that the right to removal has not been given to third-party defendants in § 1441"); *Tyson v. Miller*, 2012 WL 1994855, *4 (S.D. Ala. May 8, 2012) ("there exists no basis to diverge from the well-reasoned majority view that a third party defendant is not entitled to remove an action from State court").

original complaint prior to removal, federal courts have authorized removal by third-party defendants. *See, e.g., Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, 840 F. Supp.2d 1299, 1304 (M.D. Ala. 2012) ("a state court's decision to sever the original action from the third party claim transforms the original defendant into a plaintiff and the third-party defendant into a defendant capable of removing the action"); *Riddley v. Walgreen Co.*, 549 F. Supp.2d 806, 809 n.5 (S.D. Miss. 2008) ("While the majority of courts hold that the right to remove does not extend to third-party defendants, the Fifth Circuit has recognized an exception to this rule, holding that a third-party defendant can remove a severed claim on the basis of diversity jurisdiction since removal does not deprive the plaintiff of his chosen and appropriate forum."); *Roberson v. Alabama Trucking Ass'n Workers' Compensation Fund*, 2012 WL 4477648, *2 (M.D. Ala. Sept. 27, 20120 ("once the *state* court has severed the original action from the third party claim, the third party defendant becomes a 'defendant' for purposes of removal pursuant to § 1441(a)").

The critical principle on which these authorities rely is that, where the third-party claims have been severed, removal by a third-party defendant does not effect any interference with the original plaintiff's choice of forum. As one binding authority put it, "[w]here removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that [a third-party defendant in a severed third-party action] is as much a 'defendant' as if an original action had been brought against him." *Central of Georgia Ry.*, 426 F.2d at 938; *see also Williams v. Mor-Tem Risk Management Services Inc.*, 2012 WL 1014752, *4 (W.D. La. Mar. 22, 2012) (finding no exception to general rule that third-party defendants may not remove based on diversity, where third-party defendant "has not shown that the Plaintiff will no longer be involved in this suit or that the fact that Plaintiff's choice of forum will be defeated is immaterial," given that plaintiff's claims against original defendants had been neither dismissed nor severed at time of removal).

In this case, the third-party claims that Crum asserted against State Farm were not severed pre-removal from the original claims brought by ICS against Crum and the Academy. Rather, the state court determined that the grant of summary judgment in ICS's favor on those original claims effectively obviated the need for a ruling on State Farm's motion to sever.

Clearly, there has been no severance here.[6] Nor is this a case in which the original plaintiff's claims against the original defendants were dismissed by the state court. When State Farm removed this action to federal court, it removed not only Crum's third-party claims against it, but also ICS's claims against Crum and the Academy (as to which the state court had entered a money judgment in ICS's favor via motion for summary judgment). State Farm has not identified a single case authority in which removal has been permitted in similar circumstances, nor has the undersigned's own research turned up any such decisions.

Notwithstanding this critical variance in the posture of this action as compared to the severance/dismissal scenario in which third-party defendants have successfully achieved removal, State Farm posits that the distinction is one without a difference. In State Farm's view, "[t]here no longer exists a third-party action" because the state court's summary judgment order "disposed of [the original] action, and leaving only one, remaining action pending." (Doc. 1, ¶¶ 16-17; doc. 12, ¶¶ 12-13.) This proposition is unpersuasive. As a theoretical matter, entry of summary judgment granting monetary damages in a plaintiff's favor against a defendant may not "dispose of" the entire controversy between those parties. Indeed, there may be myriad circumstances warranting or even demanding continued judicial oversight to resolve post-judgment motions (*i.e.*, post-judgment discovery, execution of the judgment, jurisdictional challenges, etc.). For example, Judge Pettaway's summary judgment ruling specified that "[e]xecution on said Judgment is withheld until resolution of the pending Third-Party case. However, interest shall accrue." (Doc. 1, Exh. E.) If either ICS or Crum wished to revisit those determinations (perhaps based on a material change in circumstances in the interim), or if judicial involvement in execution of the judgment became necessary, ICS or Crum would need to file appropriate motions in this Court because the entire case has been removed, such that no part of this dispute remains pending in Dallas County Circuit Court. This Court would then be thrust in the role of implementing a state-court judgment between non-diverse parties, in a forum that the original plaintiff neither requested nor wanted.

---

[6] This fact bodes ill for the propriety of removal. As one court has explained, "Because the third party complaint had not been severed from the original action at the time of removal, [the removing party] remained a third party defendant and not a 'defendant' entitled to remove the action pursuant to 28 U.S.C. § 1441(a)." *Roberson*, 2012 WL 4477648, at *2.

Nor is the above-stated concern merely hypothetical in this case. In its Motion to Remand, original plaintiff ICS articulates serious grounds for doubting the validity of the underlying summary judgment ruling, at least as to the Academy. In particular, ICS points out that the summary judgment order, purporting to enter a money judgment in ICS's favor against the Academy, appears to have been entered before the Academy had been served with process.[7] Remarkably, it is the plaintiff (*i.e.*, the beneficiary of that judgment) expressing concern that the judgment is void as to the Academy. At a bare minimum, this state of affairs will require further proceedings to clarify whether the judgment is or is not void as to the Academy. Because State Farm removed this entire action to federal court, however, any and all proceedings relating to ICS's judgment against the Academy must unfold in federal court unless this action is remanded to state court. And conducting such proceedings in federal court would be problematic because (i) there appears to be no diversity of citizenship or other basis for federal jurisdiction as between ICS and the Academy, and (ii) doing so would be in derogation of ICS's chosen forum of the Dallas County Circuit Court.[8]

---

[7] Given that sequence of events, there may be a compelling argument that the judgment is void as to the Academy. *See generally Bank of America Corp. v. Edwards*, 881 So.2d 403, 405 (Ala. 2003) ("One of the requisites of personal jurisdiction over a defendant is perfected service of process giving notice to the defendant of the suit being brought. … A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.") (citations and internal quotation marks omitted).

[8] In opposing ICS's Motion to Remand, State Farm endeavors to minimize these concerns. Specifically, ICS shows that the state court's April 2 order unambiguously included the Academy in the judgment, that the Academy to date has not formally contested the judgment, and that the time for the Academy to file a Rule 59(e) motion or an appeal under the Alabama Rules of Civil Procedure has expired. (Doc. 12, ¶¶ 4-8.) Under Alabama law, however, "[f]ailure of proper service under Rule 4 [Ala. R. Civ. P.] deprives a court of jurisdiction and renders its judgment void." *Bank of America*, 881 So.2d at 406 (citation omitted). State Farm provides no authority for the proposition that a defendant that had not been served with process when summary judgment was entered against it waives or otherwise forfeits all right to contest such judgment unless it files either a timely motion to alter, amend or vacate, or a timely notice of appeal. Nor does State Farm assuage the Court's concern that there will, in any event, need to be further litigation about the validity of the judgment because even ICS (in whose favor the judgment was entered) reasonably believes it to be void as to the Academy. (*See* doc. 13, at 5 (if April 2 judgment did enter summary judgment against the Academy, "that judgment would be legally void and unenforceable").)

The fundamental point here is straightforward. Under the *Central of Georgia Ry.* line of decisions, the proper inquiry that this Court must make is whether removal by the third-party defendant would "defeat the plaintiff's choice of forum." Here, it would do so. There remain obvious, glaring questions about the enforceability *vel non* of the April 2 judgment entered in ICS's favor against the Academy in state court. If removal is allowed to stand, then ICS will be forced to litigate those questions, and potentially the merits of its claims against the Academy (if the April 2 judgment is ultimately deemed void as to that defendant) in federal court, rather than in the state-court forum of its choosing. Not only would such an outcome contravene the clear directives of *Central of Georgia Ry.* and its progeny by depriving plaintiff of its choice of forum whilst the tail wags the dog, but it would also be jurisdictionally suspect because it would compel this Court to preside over ongoing litigation involving solely state-law issues between non-diverse parties (ICS and the Academy).

Accordingly, the Court finds that removal was improper for two reasons. First, State Farm is a third-party defendant, not a "defendant" within the meaning of § 1441(a). The third-party claims against State Farm have not been severed from the original claims, and allowing removal in this instance would deprive the original plaintiff (ICS) of its chosen and appropriate forum to litigate its claims against the Academy. Those claims are not over and done with, but (given ICS's own belief that its judgment against the Academy is void) will by all appearances require further judicial action to pass on the validity of that judgment and (if it is void) to take appropriate corrective action and/or reopen those claims for further proceedings. ICS selected the Circuit Court of Dallas County as a forum for those proceedings, and it is improper to invalidate plaintiff's forum of choice and allow the tail to wag the dog via removal of the entire action by State Farm, a third-party defendant. Second, to the extent that further proceedings are necessary to sort out the status and import of the April 2 judgment against the Academy, those proceedings would involve purely state-law issues between two Alabama citizens, such that federal subject-matter jurisdiction would be lacking.⁹ State Farm thus removed an entire case to

---

⁹ Significantly, those jurisdictional issues relate to the main action, which is all that matters for purposes of evaluating diversity in the removal context. *See, e.g., Price v. CTB, Inc.*, 201 F.R.D. 547, 548 (M.D. Ala. 2001) ("When reviewing a motion to remand, all that matters is the citizenship of the original parties to the suit. If a federal court has proper jurisdiction over the main action, it may adjudicate third-party claims arising out of the main action's subject (Continued)

federal court based solely on diversity of citizenship even though there remain live state-law issues between non-diverse entities in the main action that appear to require further judicial involvement. Federal jurisdiction appearing lacking, this Court must resolve all doubts about removal jurisdiction in favor of remand.[10]

---

matter, regardless of whether the third-party claim has its own independent basis of jurisdiction.").

[10] In opposition to the Motion to Remand, State Farm insists that this Court can correct any jurisdictional error simply by severing the diverse claims from the non-diverse claims, and sending the non-diverse claims back to state court. (Doc. 12, at 11.) Federal courts have frowned on using severance to create removal jurisdiction that would otherwise not exist. *See, e.g., Wolf v. Kennelly*, 540 F. Supp.2d 955, 963 (N.D. Ill. 2008) ("it is most proper for the removing party to challenge the misjoinder in state court before seeking removal because removal is not possible until the misjoined party that destroys removal jurisdiction is dropped from the action") (citation and internal marks omitted); *Baker v. Tri-Nations Express, Inc.*, 531 F. Supp.2d 1307, 1316-17 (M.D. Ala. 2008) (rejecting motions to dismiss or to sever nondiverse parties, and reasoning that "[w]ithout complete diversity, this federal court of limited jurisdiction has no authority to do anything other than remand"); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp.2d 1123, 1127 (E.D. Cal. 2004) ("the better rule would require Met Life to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court"); *Ferry v. Bekum America Corp.*, 185 F. Supp.2d 1285, 1290 (M.D. Fla. 2002) ("Using Rule 21 in the manner Defendants propose would allow a district court to 'create' jurisdiction on removal simply by dismissing nondiverse, dispensable plaintiffs against their wishes. … Absent a showing of fraudulent or egregious joinder, this Court is obligated to remand."); *In re Norplant Contraceptive Products Liability Litigation*, 976 F. Supp. 559, 561 (E.D. Tex. 1997) (declining to exercise jurisdiction "unless and until the diverse parties are formally severed prior to removal from the nondiverse parties pending in the state court case"); *Spann v. Northwestern Mut. Life Ins. Co.*, 795 F. Supp. 386, 391 (M.D. Ala. 1992) (severance of claims to create federal jurisdiction "would be appropriate only if the court has jurisdiction" to begin with); *Perry v. Norwest Financial Alabama, Inc.*, 1998 WL 964987, *3 (S.D. Ala. Dec. 9, 1998) ("Until and unless a situation arises in which there exists complete diversity of citizenship, this court may not sever claims, it may not dismiss parties, it may do nothing but remand this action to the Circuit Court of Marengo County, Alabama"). Well-settled law provides that diversity jurisdiction is examined at the time of removal. *See, e.g., Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("The existence of federal jurisdiction is tested as of the time of removal."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal …. If jurisdiction was proper on that date, subsequent events … will not operate to divest the court of jurisdiction."). If there was not complete diversity at the time of removal, and if there was no fraudulent joinder or fraudulent misjoinder of nondiverse parties, then the lack of complete diversity at the moment of removal deprives this Court of subject matter jurisdiction and (Continued)

**III.    Conclusion.**

For all of the foregoing reasons, the Court finds that Plaintiff's Motion to Remand (doc. 9) is due to be, and the same hereby is, **granted**.  As a third-party defendant, State Farm was not entitled to remove this action pursuant to 28 U.S.C. § 1441(a) unless the third-party claims were severed from the original claims, or unless removal would otherwise not deprive the original plaintiff of its choice of forum.  No severance occurred in state court, and the outstanding matters relating to the state-court judgment guarantee that (absent remand) the plaintiff will be forced to litigate those issues in federal court, as opposed to the state-court forum of its choice.  Moreover, complete diversity of citizenship is lacking, inasmuch as the original plaintiff and at least one original defendant are not of diverse citizenship, and there remain glaring legal issues between them concerning the enforceability and execution of the judgment, which this Court lacks jurisdiction to address.  State Farm's request for discretionary severance of the non-diverse claims and parties by this Court is **denied**.  This action is **remanded** to the Circuit Court of Dallas County for further proceedings, without prejudice to State Farm's ability to re-remove this action to federal court upon resolution by the state court of the above-described procedural and jurisdictional obstacles to removal.

DONE and ORDERED this 14th day of July, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

necessitates remand to state court.  Such is the case here; therefore, remand is the appropriate course of action.  The Court cannot (and, even if it had discretion to do so, would not) retroactively manufacture federal subject matter jurisdiction in this case by slicing off the non-diverse portions of the case, returning those to state court, and keeping the rest.